## Commonwealth ex rel. Kosoy v. Kosoy

24

*Sidney M. DeAngelis,* for plaintiff.
*Jules Pearlstine,* for defendant.

QUINLAN, J., September 25, 1962.—This motion is now before us upon the motion of defendant to strike the prosecutrix' notice of taking of depositions as well as upon defendant's motion to quash a subpoena duces tecum for the production of books and records relative to the financial status of defendant.

This is an action for support instituted by the prosecutrix, Jacquelyn Kosoy, on behalf of herself and three children which action was instituted by petition under the Civil Procedural Support Law. When negotiations to determine the financial status of defendant were unsuccessful, counsel for the prosecutrix filed in the court of quarter sessions a notice of taking depositions on oral examination pursuant to Pennsylvania Rule of Civil Procedure 4007. The nature of these depositions was to ascertain all of the facts concerning the financial condition of defendant, Sam Kosoy, both as to earnings and assets. To this notice defendant filed a motion to strike on the basis that the Rules of Civil Procedure have no application to support matters pending in the court of quarter sessions. The prosecutrix also caused to be issued a subpoena duces tecum for the production of certain books and records of the firm of J. Kosoy for which defendant is allegedly employed. On August 10, 1962, before the writer of this opinion, the Estate

of J. Kosoy did appear with all these books and records as subpoenaed and was ordered by the court to allow inspection of these books by counsel for the prosecutrix either in the Attorney's Room in the Court House or at the place of business of the Estate of J. Kosoy. Subsequently, counsel for defendant requested that this order be revoked pending determination of its propriety before the court en banc. This the court did and the matter is now before us for determination.

We are of the opinion that the discovery rules of the Pennsylvania Rules of Civil Procedure have no application in a support action instituted in the court of quarter sessions of this county. The exact issue with which we are here confronted was before this court before in the case of Commonwealth ex rel. DeMedio v. DeMedio, 74 Montg. 26 (1957). In that case, former President Judge Knight, in holding that the Pennsylvania Rules of Civil Procedure had no application in a non-support proceeding instituted in the court of quarter sessions, stated that the enabling act under which the Rules of Civil Procedure were promulgated did not authorize the Supreme Court to make the said rules applicable in the court of quarter sessions: Act of June 21, 1937, P. L. 1982, sec. 1, as amended by the Act of March 30, 1939, P. L. 14, sec. 1, 17 PS §61. Since the date of that decision, the above-cited enabling act has been amended by the Act of August 25, 1959, P. L. 751, sec. 1, 17 PS §61, so as to include the "courts of quarter sessions of every county" among the courts for which the Supreme Court may provide rules of procedure. The said amendment further provided that the enabling act "shall not apply to criminal matters in the courts of quarter sessions". It is the contention of the prosecutrix that the effect of this amendment is to make the Rules of Civil Procedure (in particular the discovery rules) applicable to support matters pending in the court of quarter sessions. We can not

agree. The only effect which the above-cited amendment to the enabling act had was to give to the Supreme Court of Pennsylvania the power to prescribe the rules of procedure to be followed in the court of quarter sessions. This may or may not include the power to provide general rules to be followed in support matters in the court of quarter sessions. In any event, unless and until the Supreme Court exercises this power, the Pennsylvania Rules of Civil Procedure will remain inapplicable to non-support proceedings in the court of quarter sessions.

However, we are of the opinion that the court of quarter sessions in a support action does have the power and authority to issue a subpoena to any person even though not a party to the suit in question and require that person to bring and produce whatever documents that person has in his possession which may be relevant to the cause at issue. The Act of March 31, 1860, P. L. 427, sec. 32, 17 PS §361, which sets forth the jurisdiction of the court of quarter sessions and the power of the judges therein provides, inter alia, as follows:

". . . each of the said courts shall have full power and authority to establish such rules for regulating the practice thereof respectfully, and for expediting the determination of suits, causes and proceedings therein, as in their discretion, they shall judge necessary or proper: Provided, That such rules shall not be inconsistent with the Constitution and law of this Commonwealth; *each of the said courts is empowered to issue writs of subpoena, under their official seal, into any county of this commonwealth, to summon and bring before the respective court any person to give testimony in any cause or matter depending before them, under the penalties hitherto appointed and allowed, in any such case by the laws of this commonwealth.*" (Italics supplied.)

We believe that this act is clear to the effect that the court of quarter sessions may by its subpoena power bring before it "any person to give testimony in any cause or matter pending before them." We further believe that the judges of the court of quarter sessions have the ancillary power to require such persons to bring with them such books and documents as the courts deem necessary in order that such person may give testimony in an effective manner. A subpoena power without such an ancillary authority to require the witness to bring relevant documents would be in many instances a meaningless power.

We are, therefore, of the opinion that the legislature in giving to the judges of the courts of quarter sessions the power to subpoena witnesses intended such judges to have the power to require such witnesses to bring whatever documents may be relevant.

However, we believe that to require the parties subpoenaed to produce *"all"* books, records, checkbooks and financial statements of the firm of J. Kosoy would place an unreasonable burden upon the witnesses subpoenaed. Such an order would in our opinion be a fishing expedition which this court can not permit: Philco Corporation v. Sunstein (No. 2), 27 D. & C. 2d 24 (1962). Therefore, the firm of J. Kosoy shall only be required to produce its "financial records" for the years 1960, 1961 and 1962, to date, so as to enable the court to ascertain the earnings and withdrawals of defendant, Sam Kosoy.

### Order

And now, September 25, 1962, for the foregoing reasons, defendant's motion to strike the prosecutrix' notice of taking depositions is granted. The motions to quash subpoena duces tecum in the above matter is hereby denied.

Finally, the firm and persons named in the two subpoenas issued and served as of the above court,

28

term and number are hereby ordered and directed to produce said financial records in the Attorney's Room of the Montgomery County Court House on Friday, October 5, 1962, at 9:30, prevailing time.